UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL J. GADDY

    Plaintiff,

v.                                                    Case No. 8:05-cv-02023-SCB-EAJ

FTN PROMOTIONS, INC.
*a Florida corporation d/b/a*
Suntasia Marketing, Inc., and,
BRYON WOLF,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on a Motion for Summary Judgment filed on behalf of Defendants FTN Promotions, Inc. d/b/a Suntasia Marketing, Inc. ("FTN") and Bryon Wolf. (Doc. No. 17.) Plaintiff Daniel J. Gaddy has filed a memorandum in opposition to Defendants' Motion. (Doc. No. 29.) For the reasons stated herein, Defendants' Motion is denied.

**I.**     **Facts and Procedural History**

FTN is a telemarketing company headquartered in Largo, Florida. (Patti aff., ¶¶ 4-5.) FTN employs entry level Telephone Sales Representatives to make the sales calls. (*Id.* at ¶ 6.) An Assistant Manager and a Manager supervise the Telephone Sales Representatives. (*Id.* at ¶ 7.) All of the Managers and Assistant Managers are supervised by and report to the Directors of Sales, who in turn report to FTN's Director of Operations. (*Id.* at ¶¶ 8, 10.) Until July 2002, Justin Honiker and Tina Naszkiewicz were FTN's two Directors of Sales. (*Id.* at ¶ 8.) David Reilly was the Executive Vice President and Chief Operating Officer at FTN until September of

2003, and Defendant Bryon Wolf is the President and Chief Executive Officer at FTN. (Reilly dep., p. 13, 21; Wolf aff., ¶ 2.)

Gaddy, who is African-American, was hired by FTN as a Telephone Sales Representative in May of 2001. (Patti aff., ¶ 12; Pl.'s dep., pp.16, 83.) Thereafter, Gaddy was promoted to a Manager position. (*Id.* at ¶ 13; Pl.'s dep., p. 85.) Gaddy worked at FTN until his termination in October of 2002. (*Id.* at ¶ 17; Pl.'s dep., p.16.)

Gaddy filed suit against FTN and Wolf alleging that he was terminated because of his race in violation of the Florida Civil Rights Act, Fla. Stat. § 760.01 et seq. ("FCRA") and 42 U.S.C. § 1981. (Pl.'s Second Am. Compl., ¶ 1.) Gaddy alleges that "sometime during March 2002," Defendant President Wolf and/or Executive Vice-President Reilly issued a directive that "there were too many blacks employed in management." (*Id.* at ¶ 8.) Specifically, Gaddy alleges that Wolf and Reilly advised Directors of Sales Honiker and Naszkiewicz that there "were too many blacks employed in management" and to "find a way to terminate the blacks or they themselves would be terminated." (*Id.* at ¶¶ 8, 9.) Gaddy further alleges that after this March 2002 meeting, FTN adhered to this directive and began demoting or terminating black employees. (*Id.* at ¶ 11.) Finally, Gaddy alleges that Honiker and Naszkiewicz filed Charges of Discrimination with the EEOC, alleging that they were terminated for refusing to follow this discriminatory directive. (*Id.* at ¶ 10.)

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears

the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Id.* at 325, 106 S. Ct. at 2554. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. *See id.* When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. *Id.* at 324, 106 S. Ct. at 2553.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Samples v. City of Atlanta*, 846 F.2d 1328, 1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (per curiam). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

**III.    Discussion**

Defendants FTN and Wolf argue that summary judgment is appropriate because Gaddy cannot establish with admissible evidence a prima facie case of disparate treatment, or that the decision to terminate him was pretextual.  In his responsive pleading, Gaddy asserts that both direct and circumstantial evidence support his claim of discriminatory termination.  In particular, Gaddy alleges that either Executive Vice President Reilly and/or Defendant President Wolf issued a "race-conscious directive" to Directors of Sales Honiker and Naszkiewicz to "get rid of blacks in management" in March 2002.  Gaddy asserts that this directive to demote or terminate "blacks in management" qualifies as direct or circumstantial evidence of discrimination that would preclude the entry of summary judgment.

Reviewing the record in the light most favorable to Gaddy, and drawing all reasonable inferences from the record in his favor, the Court finds that a genuine issue of material fact remains as to whether Gaddy was terminated for a discriminatory purpose.  Gaddy testified at his deposition that Director of Sales Honiker told him that "Bryon Wolf wants you out of here, he wants you and [a] couple more blacks out of here." (Pl.'s dep., p.132.)  Gaddy further testified that Honiker told him that "the upper echelon, the V.P.s and the presidents . . . didn't want much color in management; . . . [they] don't want blacks running the show, period." (*Id.* at 133.)  Gaddy testified that on another occasion Honiker told him that Reilly wanted Honiker to fire him, but that Honiker refused to do so. (*Id.* at 127-29.)  When Gaddy inquired what he could do to avoid termination, Honiker responded, "'Change colors.'" (*Id.* at 129.)  This testimony alone is sufficient to raise an issue of fact for trial.  At the summary judgment stage, the Court "does not assess credibility or weigh the evidence, but simply determines whether there is a genuine

4

factual issue for trial." *House v. Bell*, __ U.S. __, __, 126 S. Ct. 2064, 2089, 165 L. Ed. 2d 1 (2006).  Furthermore, the Court rejects Defendants' argument that Gaddy's testimony about Honiker's alleged statements is inadmissible hearsay because the testimony would be admissible as an admission by a party opponent.  *See* Fed. R. Evid. 801(d)(2)(D) ("A statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship . . . .").

**IV.   Conclusion**

In conclusion, the Court finds that Plaintiff Gaddy has presented sufficient admissible evidence to establish a genuine issue of material fact and to preclude the entry of summary judgment.  Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion for Summary Judgment (Doc. No. 17) is **DENIED**.

The Court notes that this case raises similar factual and legal issues to those raised in *Johnson, et al v. FTN Promotions, et al.*, Case No. 8:05-cv-1823-SCB-TBM, another case before the Court.  The plaintiffs' claims in both cases are based on the alleged March 2002 directive to eliminate African Americans from management positions, and the parties in both cases are represented by the same attorneys.  Therefore, to save judicial time and effort, the pretrial conference set in this case for Tuesday, December 12th, 2006, is rescheduled for Thursday, December 7, 2006, at 8:30 a.m.  Furthermore, the Court directs the parties to show cause by Monday, December 4, 2006, why the cases should not be consolidated for all future proceedings, including trial.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of November, 2006.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record